Dear Mr. Keller:
This office is in receipt of your request for an opinion of the Attorney General as to whether a member or members of a Police Jury/City Council can inquire as to the daily and orderly operation of the Registrar of Voters Office with respect to the following:
 A. Authorize the Registrar to conduct a Voter Registration drive in the Councilman's district that would directly benefit the respective elected Council of that district. If yes to this question, will the Registrar be obligated to render the same service to other District Council Members.
 B. If the Registrar is unable to provide the personnel to render the above requested services because of a reduction of his staff that resulted from a reduction in the Parish population, can the Registrar hire additional qualified part-time employees at the total expense of the parish governing authority to provide the requested services? If yes, to this question, would this service conflict with the NVRA of 1995 which mandates State Offices, Local Colleges, Universities, Public High School and others to conduct daily Voter Registration at their facilities when all of the above mandated officers are in compliance with the mandates.
 C. Can a member or members of Police Jury/City Council arbitrarily reduce or refuse to approve the Registrar's Annual operating budget without sufficient justification when the City Administration (Chief Administrator Officer) (CAO) and the Registrar have scrutinized and recommend for Council approval the Registrar's annual operation budget as required by law.
As observed by this office in Atty. Gen. Op. 88-118 the office of registrar of voters is established by Article XI, Section 5
of the Louisiana Constitution which provides as follows:
 The governing authority of each parish shall appoint a registrar of voters, whose compensation, removal from office for cause, bond, powers and functions shall be provided by law. Upon qualifying as a candidate for other public office, a registrar shall forfeit his office. No law shall provide for removal from office of a registrar by the appointing authority.
That opinion further noted that R.S. 18:58 provides that registrars of voters are subject to the direction of the Commissioner of Elections and Registration, now the Secretary of State, and concluded the following:
 Despite the fact that parish governing authorities are mandated by state law to pay a portion of the compensation of the registrar of voters and their employees, it is our opinion that the registrar of voters offices are subject to the personnel policies established by the Commissioner of Elections and the registrars of voters who control the personnel administration of the registrar's office, and that a parish governing authority has no power to establish employment policies for the employees of the registrar of voters.
Moreover, we note that R.S. 42:62(9) provides:
 "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
 Accordingly, we must conclude that a member of the Police Jury or City Council cannot direct the Registrar of Voters to conduct a Voter Registration drive in the Councilman's district.
Inasmuch as we do not find that a member or members of a Police Jury or City Council can direct the Registrar of Voters to conduct a drive for voter registration, we do not find the second question requires an answer with regard to who provides the personnel to render such a registration drive.
Your final question is whether a member of members or a Police Jury or City Council can arbitrarily reduce or refuse to approve the Registrar's annual operating budget when the Chief Administrator Officer and the Registrar have recommended for approval the Registrar's budget.
This office discussed the budget for the Registrar of Voters in Atty. Gen. Op. 95-71A as follows:
 The police jury is the legislative branch of the parish government with a statutory duty to budget whatever funds are necessary to enable the registrar to fully discharge his duties such as office space, cost of all equipment and supplies, and other expenses necessary. The police jury could be compelled by mandamus to budget funds necessary for effective and efficient operation of the office. However, while there must be proper independence among the three co-equal branches of government, the registrar must furnish the head of the parish government an anticipated budget for each succeeding year, and subsequently account for the expenditures. Under the requirement to account for expenditures, we do not believe the police jury may question expenditures that fall within the budget in regard to the day-to-day operation of the office beyond the requirement of complying with the applicable purchasing procedures, but if it feels there is an expense not approved by the budget, may question the payment of the expenditure. Also, the police jury can control the budget to the extent it has the power to adopt a budget amendment in accordance with the Louisiana Local Government Budget Act, R.S. 39:1301-1314, which specifically includes for purposes of the Chapter the "registrar of voters" as a political subdivision.
 In an earlier opinion of this office, Atty. Gen. Op. 88-187, this office found that the Registrar of Voters for the parish is part of the executive branch of government and the Police Jury is the legislative branch. It then stated, "It is the statutory duty of the Police Jury to budget whatever funds are necessary to enable the Registrar to fully discharge his duties as required in LSA-R.S. 18:132." It is also the Police Jury's duty to "insure that the proper independence among our three co-equal branches of government be maintained."
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ___________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
CCF, JR/bbr